IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN J. SEYBERT, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE INTERNATIONAL GROUP, INC., | : | |
| Defendant | : | NO. 07-3333 |

MEMORANDUM

GENE E.K. PRATTER, J.                                                                                JULY 6, 2009

        Ms. Susan Seybert has sued her employer, The International Group, Inc. ("IGI"),

claiming sexual harassment based on a hostile work environment, retaliatory harassment, and

retaliatory discharge, under Title VII of the Civil Rights Act of 1964 and the Pennsylvania

Human Relations Act.  After the close of discovery, IGI filed a motion for summary judgment,

which was denied by the Court on March 17, 2009.  The case is set for trial, with jury

selection scheduled to begin on July 17, 2009.  Ms. Seybert has now filed a motion in limine

to preclude IGI from referring to or introducing evidence at trial related to the affirmative

defense set forth in Faragher v. City of Boca Raton, 524 U.S. 775 (1998) and Burlington

Industries, Inc. v. Ellerth, 524 U.S. 742 (1988).  For the reasons that follow, the Court denies

Ms. Seybert's motion without prejudice to Ms. Seybert to re-raise the issue during trial if

apropriate.

I.        FACTS RELEVANT TO PLAINTIFF'S MOTION IN LIMINE

        The parties appear to agree on the following facts: (1) Brett Marchand, the alleged

harasser, was Ms. Seybert's supervisor during the period in question; (2) Mr. Marchand gave

Ms. Seybert a Below Expectations rating on her 2003 performance evaluation; (3) as a direct

result of Mr. Marchand's rating, Ms. Seybert received no annual raise and a lower bonus than she would have with a higher performance rating.  Pl.'s Mot. in Limine to Preclude Evidence and Arguments Related to the Faragher/Ellerth Affirmative Defense at 1; Def.'s Resp. to Pl.'s Mot. in Limine to Preclude Evidence and Arguments Related to the Faragher/Ellerth Affirmative Defense at 1.[1]  Beyond these points of agreement, the parties' assertions of fact were carefully laid out in the Court's lengthy March 17, 2009, Memorandum and will not be recounted here.  Suffice it to say that, in the March 17, 2009, Memorandum denying summary judgment to IGI, the Court concluded that there were  – and still are – numerous issues of fact regarding whether Mr. Marchand's treatment of Ms. Seybert was sexually harassing or retaliatory in nature, and numerous issues of fact regarding whether IGI terminated Ms. Seybert in retaliation for protected conduct or for a lawful, non-pretextual reason.

## II.     DISCUSSION

An employer is subject to "vicarious liability . . . for an actionable hostile work environment created by a supervisor . . . ."  Faragher, 524 U.S. at 807; Ellerth, 524 U.S. at 765.  To hold an employer vicariously liable for the harassing conduct by one of its supervisors, it must be shown that the supervisor was "aided in accomplishing the tort by the existence of the agency relation."  Ellerth, 524 U.S. at 759 (quoting Section 219(2)(d) of the Restatement (Second) of Agency).  In some cases, an employer is allowed to establish an affirmative defense to vicarious liability:

---

[1]  Defendant's Response was mistakenly titled, "Plaintiff's Response to Defendant's Motion in Limine to Preclude Evidence and Argument Related to the Faragher/Ellerth Affirmative Defense."  The Court will refer to the document as "Defendant's Response to Plaintiff's Motion in Limine to Preclude Evidence and Arguments Related to the Faragher/Ellerth Affirmative Defense," elevating function and purpose over form and title.

> When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence, see Fed. Rule Civ. Proc. 8(c).  The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. . . . No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment.

Ellerth, 524 U.S. at 765; Faragher, 524 U.S. at 807-08.  A "tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."  Ellerth, 524 U.S. at 761.  A tangible employment action "requires an official act of the enterprise, a company act" and "in most cases inflicts direct economic harm."  Id. at 762.

Assuming, without deciding, that Ms. Seybert's denial of a raise and reduced bonus constitute tangible employment actions, the question remains as to whether these actions foreclose IGI's use of the Faragher/Ellerth affirmative defense.  The Supreme Court's use of the phrase "[w]hen no tangible employment action *is taken*" implies that the mere occurrence of a tangible employment action forecloses the defense, irrespective of whether that action is actually related to the alleged harassment (emphasis added).  Under this approach, where there would not need to be any nexus whatsoever, the mere fact that IGI gave Ms. Seybert reduced compensation would be sufficient to foreclose the affirmative defense for IGI, no matter what evidence was presented at trial regarding the connection (or lack of connection) between the reduced compensation and the alleged sexual harassment and retaliation.

By contrast, the Supreme Court's use of the phrase, "when the supervisor's harassment

3

*culminates in* a tangible employment action" implies directly that the alleged harassment must somehow be related to - indeed, must "culminate" in - the "tangible employment action" in order for the "tangible employment action" to foreclose the defense (emphasis added).  Under this approach, Ms. Seybert would have to prove a connection, relation or nexus between the alleged harassment and her performance evaluation, perhaps even a causal nexus, before the Faragher/Ellerth defense could be foreclosed.  This, of course, would be entirely compatible with conventional notions of proximate causation.

In support of her position, Ms. Seybert has cited one case, Puglisi v. Centerpoint Properties, No. 05-6592, 2008 U.S. Dist. LEXIS 10465 (N.D. Ill. Feb. 13, 2008).  There, in an unpublished decision, the Northern District of Illinois granted the plaintiff's motion in limine to exclude evidence relating to the Faragher/Ellerth defense because it was undisputed that the alleged harasser had fired the plaintiff. Id. at **5-6.  However, it appears that the employer in Puglisi did not argue, as IGI does here, that there was a dispute of fact regarding the relation/causal connection between the alleged harassment and tangible employment actions.  Rather, the employer in Puglisi argued only that the tangible employment action did not foreclose the affirmative defense because the plaintiff's claim was for *retaliation*, rather than harassment. Id.  Regardless of the soundness of the decision, Puglisi may therefore be distinguished from this case, either because the relation/causal connection argument asserted by IGI was inapplicable in Puglisi, or the  relation/causal connection argument was waived by the employer in Puglisi.

If Puglisi did address any issues regarding the relation/causal connection argument, it did so in the following text: "[a]nd to the extent that [the employer] relies on legitimate

4

nonpretextual reasons for [the employee's] termination, that can comfortably be handled at trial by the shaping of an appropriate verdict form (after all, if [the employee] strikes out on her sexual harassment claim and on the causal relationship between her complaints and her termination, [the employer] wins in any event)." Id.  To the extent that this sentence supports Ms. Seybert's position here, the Court is not persuaded that one unpublished decision from the Northern District of Illinois provides sufficient basis to preclude IGI from asserting the Faragher/Ellerth defense -  especially given that Puglisi, as interpreted by Ms. Seybert, is against the weight of contrary authority from other courts.

The Third Circuit Court of Appeals has not addressed the availability of the Faragher/Ellerth affirmative defense in situations such as the one here.[2]  However, the

---

[2]  The closest case on point from the Third Circuit Court of Appeals appears to be Durham Life Insurance Company v. Evans, 166 F.3d 139 (3d Cir. 1999).  In that case, the harassed employee was a life insurance salesperson who was subjected to sexist remarks and sexual advances and was denied the support services that she needed to do her job.  Id. at 144-46.  She eventually resigned to work for a competitor, citing sexual harassment as the reason for her resignation.  Id.  Following a bench trial, the district court awarded judgment to the employee and the employer appealed, arguing that none of the alleged harassing behavior constituted a tangible adverse employment action and thus it was entitled to prevail on its Faragher/Ellerth affirmative defense.  Id. at 149, 153-54.  The Third Circuit Court of Appeals disagreed with the employer, holding that the employer's actions amounted to a constructive discharge, which constituted a tangible employment action.  Id.
At no point in Durham Life did the employer argue, as IGI does here, that the employer's unlawful behavior was *unrelated* to the asserted tangible employment action - perhaps because such an argument would not have been pursuasive on the facts of the case.  As a result, the Court of Appeals did not reach the issues of relatedness and causation, and therefore Durham Life is not applicable here.  To the extent that Durham Life hints at the proper resolution of those issues, it supports the Court's decision here because the opinion suggests that a plaintiff must show that the tangible employment action was related to, or caused by, the alleged unlawful harassment or retaliation before the Faragher/Ellerth defense may be foreclosed.  See id. at 154 ("The Ellerth/Faragher rule is clear: When harassment *becomes* adverse employment action, the employer loses the affirmative defense, even if it might have been available before.") (emphasis added).

majority of courts that have considered the issue have held that a tangible employment action

must be caused by, or at least connected or related to, the alleged harassment or retaliation in

order for the action to cut off an employer's access to the Faragher/Ellerth defense.  See, e.g.,

Kampmier v. Emeritus Corporation, 472 F.3d 930, 942 (7th Cir. 2007); Ferraro v. Kellwod

Company, 440 F.3d 96, 101-02 (2d Cir. 2006); Elvig v. Calvin Presbyterian Church, 375 F.3d

951, 959 (9th Cir. 2004); Nichols v. Sanchez, 256 F.3d 864, 877 (9th Cir. 2001); Frederick v.

Spring/United Management Company, 246 F.3d 1305, 1311-13 (11th Cir. 2001); Johnson v.

West, 218 F.3d 725, 730-31 (7th Cir. 2000); Lissau v. Southern Food Service, Inc., 159 F.3d

177, 182 (4th Cir. 1998); Sarantis v. ADP, No. 06-2153, 2008 U.S. Dist. LEXIS 31186, at *22

(D. Ariz. Apr. 15, 2008); Bernsten v. Dollar Tree Stores, Inc., No. 05-1964, 2007 U.S. Dist.

LEXIS 16702, at **13-15 (D. Or. March 6, 2007); Anderson v. Deluxe Homes of PA, Inc.,

131 F. Supp. 2d 637, 647, n.13 (M.D. Pa. 2001).[3]

Based on the Court's research, the most reasoned and supported view appears to be

that a plaintiff must show that the tangible employment action was related to, or caused by,

the alleged unlawful harassment or retaliation before a court may foreclose an employer from

asserting the Faragher/Ellerth defense.  In other words, the employer may assert the defense

unless and until the plaintiff shows that the tangible employment action was related to the

alleged unlawful harassment or retaliation.  Therefore, it follows that Ms. Seybert must show

that her performance evaluation was related to Mr. Marchand's alleged unlawful harassment

---

[3]  Most of these decisions arise at the summary judgment stage, not in the context of a
motion in limine, but the Court sees no reason for that procedural posture to make a
difference.  In her motion in limine, Ms. Seybert did not distinguish any of these decisions or
otherwise suggest that they might not apply here.  She may choose to do so at a later point, in
the event that she re-raises the issues during trial.

or retaliation, before the Court will consider excluding evidence pertaining to IGI's

Faragher/Ellerth defense.

   To that end, the question of relatedness appears to be one of fact that the jury must

decide - and with it, the availability of the Faragher/Ellerth defense - but developments at trial

may persuade the Court otherwise.  In any event, at this stage in the litigation, before any

evidence has been presented, the Court denies Ms. Seybert's motion in limine, without

prejudice to Ms. Seybert to re-raise the issue during trial if apropriate.[4]  An Order consistent

with this Memorandum follows.

                                                  BY THE COURT:


                                                  S/Gene E,.K. Pratter
                                                  GENE E.K. PRATTER
                                                  UNITED STATES DISTRICT JUDGE

_____

   [4]  Notably, even if the affirmative defense is foreclosed, Ms. Seybert's motion in
limine appears to be overbroad insofar as she seeks to exclude evidence that may relate to the
fundamental elements of her claim, as well as issues regarding damages, that are independent
of the affirmative defense.  If Ms. Seybert chooses to re-raise the Faragher/Ellerth affirmative
defense issues during trial, she must be more specific regarding the evidence that she seeks to
exclude.  She would also need to explain why such evidence should be excluded as being
related to the Faragher/Ellerth defense, and not admitted as being relevant to the fundamental
elements of her claim and to issues regarding damages.